JEWEL TEA COMPANY, Appellant, vs. NOVAK, Respondent.

*April 8—May 2, 1911.*

*Eureka L. Co. v. Long, ante,* p. 205, followed.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed in part.*

This action was brought in equity. The plaintiff was a foreign corporation engaged in the business of buying and selling teas, coffees, baking powders, extracts, spices, and other like merchandise, with its principal place of business in Chicago, and conducted branch stores elsewhere. On the 19th day of January, 1907, it entered into an agreement with the defendant wherein it agreed to employ him to sell and deliver, and take orders for, teas, coffees, and other merchandise and to perform such other duties as it might from time to time specify and require of him. Said agreement provided, in part, as follows:

"Party of the second part further agrees that he will not at any time while in the employ of the party of the first part nor within a period of twelve months after leaving the services of the party of the first part, for himself or any other person, or persons or company, solicit or take orders for or deliver orders to any of the customers of the party of the first part and especially agree not to interfere with the trade or business of the party of the first part as now transacted or carried on with its customers in the territory in which the party of the first part has been working. Party of the second part further agrees that he will not directly or indirectly, through himself or others, take away or attempt to divert any of the custom, business or patronage of the party of the first part with its said customers in said territory within twelve months after leaving the employ of the party of the first part. Party of the second part further agrees that he will not engage either for himself or any other person, persons or company, in the

tea and coffee business, nor will he offer for sale any tea, coffee, baking powder, extracts, spices or other merchandise during the life of this contract in the city of Milwaukee, Wisconsin."

The complaint alleged that the defendant violated the above quoted clause of the agreement, in that he entered the employ of another company engaged in the same business and diverted plaintiff's custom and business within the territory in which he had been employed. A temporary injunction was granted restraining the defendant, during the pendency of the action and until the further order of the court, from soliciting and taking orders for the delivery of merchandise of the competing company within said described territory, or from in any manner interfering with or attempting to divert any of the custom and business of the plaintiff with its customers in said territory, or from engaging for himself, or any other person or company, in the tea and coffee business in the city of Milwaukee. From an order dissolving the temporary injunction the plaintiff appealed.

For the appellant there was a brief by *Friedrich, Teall & Hackbarth,* and oral argument by *F. A. Teall.*

For the respondent there was a brief by *F. D. Bartlett* and *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill.*

VINJE, J.   This case is ruled by the case of *Eureka L. Co. v. Long, ante,* p. 205, 131 N. W. 415.   The injunctional order dissolved should be modified, however, by striking out the last clause thereof, to wit, "or from engaging for himself, or any other person or company, in the tea and coffee business in the city of Milwaukee."   It will be observed from the statement of facts that this covenant in the contract was to be in force only *during the life of the contract,* while the other covenants set out were to be in force for twelve months thereafter. When defendant left the employ of plaintiff on or about the 31st

day of August, 1910, the contract terminated as to the covenant mentioned.

The order is affirmed so far as it relates to the clause in the injunctional order that reads, "or from engaging for himself, or any other person or company, in the tea and coffee business in the city of Milwaukee." As to the remainder, it is reversed with costs to the appellant.

*By the Court.*—It is so ordered.