RICHARDS, J.
This action is brought for the purpose of enjoining the defendant from engaging in the window cleaning business in the city of Columbus, and from soliciting said business, and from doing any work or getting any work done, in connection wdth *67 the window cleaning or general cleaning business in the city of Columbus.
The parties hereto entered into a contract of partnership on September 18, 1913, for the purpose of engaging in the cleaning business in Columbus. The defendant had no property, but had been theretofore engaged in the work of cleaning windows in that city, while the plaintiff had capital and was engaged, on a large scale, in the same business and in the same city. The partnership seems not to have been very successful, for it was only in effect a few weeks, and resulted in the bringing of this action in the common pleas court on October 31, 1913. The written contract between the parties provided that in the event of a discontinuance of the agreement or of the business, Silverman would not engage in the cleaning business or in any competing business to any cleaning concern in which Lichtenstein was interested, for a period of three years from the date of such discontinuance, in the city of Columbus, directly or indirectly, either as owner, employer, employee, agent or partner.
It is clear from the evidence in this case that after the parties ceased to continue in business as partners, the defendant engaged in the cleaning of window's himself in a small way in the city of Columbus. It appears that his only outfit w'as a ladder and a pail and a chamois skin. This elaborate equipment he carried from place to place in the city by hand, and the motive power in performing his labor was his own muscle. He had no other person in his employment, but it does appear from the evidence that on one occasion he employed a man for a brief period of time to wash certain windows; that occasion, however, was the day that this case ivas tried in the common pleas court, such trial necessitating the appearance of the defendant in court for the purpose of making his defense against the action brought by this plaintiff. The evidence shows that he has not solicited, and does not intend to solicit, the customers of the plaintiff.
The brief of counsel for plaintiff contains the following statements:
“It is not the purpose of this proceeding to enjoin the defendant from cleaning window's. It is not the .purpose of this *68 proceeding to enjoin, the defendant from working as a common laborer. This can not be done. But it is the purpose of this proceeding to enjoin the defendant from carrying on the window cleaning .business in a general way, and to enjoin the defendant from soliciting customers and engaging as an independent contractor. ’ ’
The evidence in this case would not justify the court in granting an injunction against soliciting business from customers of the plaintiff, because it does not show that he has solicited, or contemplates soliciting, such persons. Neither does it show within any fair interpretation of the language of the contract between the parties, that he has engaged, or is about to engage, in the prohibited business other than as simply a common laborer. It is not an occupation which requires any special skill or ability, and the services are not of a unique character. A court of equity will not enjoin, under such circumstances, the performance of such common labor as the cleaning of windows.
I call attention to Columbia College of Music and School of Dramatic Art v. Tunberg, 64 Wash. 19 [116 Pac. 280], where the rule is concisely announced. See Eureka Laundry Co. v. Long, 146 Wis. 205 [131 N. W. 412; 35 L. R. A. (N. S.) 119]. In the last citation the ease may be found fully annotated. See also Jewel Tea Co. v. Novak, 146 Wis. 224 [131 N. W. 415].
We hold, therefore, that the petition of the plaintiff should be dismissed at his costs.
Kinkade and Chittenden, JJ., concur.